

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

JUN 30 2008

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

EQUAL EMPLOYMENT OPPORTUNITY     )
COMMISSION,                      )
                                 )
                 Plaintiff,      )
                                 )        CIVIL ACTION NO.
        v.                       )        4:07cv00603 JLH
                                 )
FAMILY DOLLAR STORES OF          )
ARKANSAS, INC.                   )
                                 )
                 Defendant.      )

---

### CONSENT DECREE

---

#### Introduction

For purposes of settlement and compromise only, the parties have advised the

Court that they wish to resolve the instant controversy without the expense, delay, and

burden of further litigation.

Plaintiff, Equal Employment Opportunity Commission (hereinafter the

"Commission"), instituted this action on behalf of Debra Terry, alleging that Defendant

Family Dollar Stores of Arkansas, Inc.  (hereinafter the "Defendant or "Family Dollar"),

failed to promote Debra Terry to a store manager position because of her race, Black,

and constructively discharged her in violation of Title VII of the Civil Rights Act of 1964

(hereinafter "Title VII").

The Defendant has consistently denied and continues to deny that it engaged in

any unlawful employment practices as alleged by the Commission or that it otherwise

violated Title VII.

In the event this proposed Consent Decree is not approved or does not become final, then it shall not be admissible in evidence in any subsequent proceeding in this action. Further, this Consent Decree shall not be admissible in any other action now pending or which may be filed in the future.

This Consent Decree constitutes the complete and exclusive agreement between the parties with respect to the matters referred to herein. No waiver, modification, or amendment of any provision of this Consent Decree shall be effective unless made in writing and signed by both parties.

The Court has reviewed the terms of the proposed Consent Decree in light of the applicable laws and regulations and the statements and representations of counsel for all parties and hereby approves the Consent Decree.

## I.    JURISDICTION

The United States District Court for the Eastern District of Arkansas, Western Division, has jurisdiction over the parties and subject matter of this litigation.

## II. GENERAL PROVISIONS

This Consent Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendant of any violation of Title VII or any executive order, law, rule, or regulation dealing with or in connection with discrimination in employment.

## III.   SCOPE AND DURATION OF AGREEMENT

1.    By entering into this Consent Decree, the parties do not intend to

2

resolve any charges of discrimination currently pending before the Commission other than Charge No. 493-2006-01342 filed by Debra Terry that created the procedural foundation for the complaint in this case.

    2.      This Consent Decree constitutes the complete and exclusive agreement between the Commission and Defendant, with respect to the matters referred to herein and arising out of Charge No. 493-2006-01342.   Notwithstanding any provisions contained in the Consent Decree, this Agreement shall not be considered in any manner to be dispositive of any other charges now pending before any office of the Commission, or other lawsuits, if any, pending against Defendant.   This Agreement shall remain in effect for a period of three years.

### IV. INJUNCTIVE RELIEF

    1.      Defendant, its officers, agents, management, (including supervisory employees), successors, and assigns are hereby enjoined from denying promotions to Black employees on the basis of their race.

    2.      Defendant its officers, agents, employees, and all persons acting in concert with Defendant are hereby enjoined from retaliating against any employee or applicant for employment.

### V.  TRAINING

    Defendant shall provide employment-discrimination awareness training to all district managers and store managers in District 66 and 310 in Arkansas according to the following terms:

    (a)      The training session will include at least two (2) hours of instruction.

    (b)      The training will include the following topics: what constitutes race

3

discrimination; how to prevent, identify, and remedy race discrimination in promotions; what constitutes retaliation in violation of Title VII; Defendant's policy against race discrimination and retaliation; and implementation of Defendant's policy against race discrimination, including procedures and responsibilities for reporting, investigating, and remedying conduct an employee believes may constitute race discrimination.

(c)     Within sixty (60) days after execution of this Consent Decree by the parties, Defendant shall submit to the Commission the date of the proposed training session and a detailed outline of the proposed training.

(d)     The training session will be conducted within ninety (90) days after the date of the entry of this Consent Decree by the Court.

(e)     Defendant within 120 days of this agreement shall provide documentation to the Commission of training compliance for all district managers and store managers in Arkansas.

## VI.     POSTING AND POLICIES

Within thirty (30) days of the entry of this Consent Decree, Defendant shall post and cause to remain posted for one year at each store located within District 66 and 310 the notice attached hereto as Exhibit A.

## VII.     RELIEF

1.     Defendant will pay a total of $4,279.59 in back pay, less applicable withholding taxes, and $20,720.41 in damages to Debra Terry by cashier's check, within ten days of the entry of the Decree.  The check will be mailed to the following address:

Debra Terry
P.O. Box 458

4

614 Cedar Street
Lonoke, Arkansas  72086

2.      A copy of the check will be mailed to Pamela B. Dixon.

3.      Late payment of the check shall be subject to the accrual of interest
pursuant to 28 U.S.C. §1961.

## VIII.  REPORTING

1.      Defendant will provide two reports to the Commission.  The first report will
be submitted within twelve (12) months of entry of the Decree.  The second
report will be submitted within twenty-four (24) months of entry of the Decree.
Each report will describe all complaints, from the date of the entry of this Decree
through the date of the report (including relevant litigation and administrative
charges) of race discrimination based on failure to promote within District 66 and
310 logged through Family Dollar's Alertline; describe the investigation
conducted by Defendant in response to each complaint; and indicate how the
complaint was resolved.  Each report will describe Defendant's training of
supervisors, managers, and hourly employees in the requirements of Title VII of
the Civil Rights Act of 1964, as amended, as set forth herein.  Each report will
also include a list of employees either hired or promoted to store manager and
the race of the successful candidate.

2.      Each report will be forwarded to Pamela B. Dixon, Senior Trial
Attorney, at the Commission's Little Rock Area office.

## IX.  EXPUNGEMENT

The Defendant shall expunge from the personnel files of Debra Terry any
reference to the charge of discrimination or the litigation of the matter.

5

## X.  NEUTRAL REFERENCE

Defendant agrees to give a neutral reference to any potential employers

of Debra Terry who request a job reference.  In order to receive the neutral reference,

Ms. Terry shall provide the prospective employer with The Work Number, the Family

Dollar Code, and her social security number.   Any such neutral reference shall be

identical to the form demonstrated in Exhibit B.   No mention of the Commission's

charge of discrimination or this action will be made as part of the neutral reference.

## XI.    COSTS

Each party shall bear that party's own costs, attorneys' fees, and expenses.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

DATE: _____

FOR THE COMMISSION:
RONALD S. COOPER
General Counsel


JAMES LEE
Deputy General Counsel


GWENDOLYN YOUNG REAMS
Associate General Counsel

FAYE A. WILLIAMS
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Avenue, Suite 901
Memphis, Tennessee 38104
(901) 544-0088

WILLIAM A. CASH, JR.
Supervisory Trial Attorney
AR # 88081

PAMELA B. DIXON
Senior Trial Attorney
AR # 95085
Little Rock Area Office
820 Louisiana, Suite 200
Little Rock, AR 72201
(501) 324-5539, 324-5065

FOR DEFENDANT:


R. SCOTT SUMMERS
Littler Mendelson
A Professional Corporation
3608 N. Steele Blvd., Ste. 214
Fayetteville, AR 72703


JACOB J. MODLA
Deputy General Counsel
Family Dollar Stores of Arkansas, Inc.
10401 Monroe Rd.
Matthews, NC 28105

NOTICE

1.  This Notice to all employees of Family Dollar Stores of Arkansas, Inc. is being posted as part of an agreement between Family Dollar and the Equal Employment Opportunity Commission in settlement of a complaint of employment discrimination.

2.  Title VII of the Civil Rights Act of 1964, as amended, is a federal law that provides that it shall be an unlawful employment practice for an employer discriminate against any individual because of such individual's race or color.

3.  Family Dollar supports and will comply with Title VII in all respects and will not take any action against employees because they have opposed employment practices made illegal by Title VII or exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission, or because they testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII.


_____          _____
Family Dollar Stores of Arkansas, Inc.          Date


EXHIBIT A

9

To Whom It May Concern:

This letter is in response to your inquiry regarding the employment of
_____ while employed at Family Dollar Stores of Arkansas, Inc.

_____ worked at Family Dollar as a _____ from _____ through
_____.      Company policy does not permit us to give out any more information
concerning _____'s employment.

Very truly yours,

Family Dollar Stores of Arkansas, Inc.

EXHIBIT B

10